1
2
3
4
5
6
7
8
9
10                     UNITED STATES DISTRICT COURT
11                     NORTHERN DISTRICT OF CALIFORNIA
12

13  In re TRIPATH TECHNOLOGY, INC.,            ) Master File No. C 04 4681 SBA
    SECURITIES LITIGATION                      )
14                                             ) CLASS ACTION
                                               )
15                                             ) ORDER AND FINAL JUDGMENT
    This Document Relates To:                  )
16                                             )
    CASE NOS. C 04 4681; C 04 4936; C 04 4969; and )
17  C 04 4976                                  )
                                               )
18                                             )
                                               )
19                                             )

20
21
22
23
24
25
26
27
28

[PROPOSED] ORDER AND FINAL JUDGMENT
CASE NO.: C 04 4681 SBA
DOCS\354737v2

On the 11th day of April, 2006, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated July 11, 2005 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against defendants Tripath Technology, Inc., Adya Tripathi, David Eichler, and Graham K. Wright (collectively, "Defendants") in the Complaints now pending in this Court under the above referenced case numbers, including the release of the Defendants and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Complaints on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses.  The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased the securities of Tripath Technology Inc. ("Tripath") between January 29, 2004 and June 13, 2005, inclusive (the "Class Period"), and who were damaged thereby, except those persons or entities excluded from the definition of the Class, as shown by the records of Tripath's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of *Investor's Business Daily* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiff, all Class Members, and the Defendants.

2. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23 (a) and (b)(3) have been satisfied in that:  (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact

common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure this Court hereby finally certifies this action as a class action on behalf of all persons who purchased the common stock of Tripath during the period between January 29, 2004 and June 13, 2005, inclusive, and who were damaged thereby. Excluded from the Class are the Defendants, the officers and/or directors of Tripath, at all relevant times, members of their immediate families (parents, spouses, siblings, and children), and their legal representatives, heirs, successors or assigns, and any entity in which the Defendants have or had a controlling interest. Also excluded from the Class are the persons and/or entities who requested exclusion from the Class as listed on Exhibit 1 annexed hereto.

4. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7), of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5. The Settlement is approved as fair, reasonable and adequate, and the Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation. The Settlement Shares are to be issued in exchange for bona fide outstanding claims; all parties to whom it is proposed to issue such securities have had the right to appear at the hearing on the fairness of the Settlement; and the Settlement Shares are therefore unrestricted and freely tradeable exempted securities pursuant to Section 3(a)(10) of the Securities Act of 1933, 15 U.S.C. §77c(a)(10).

6. The Complaints, which the Court finds were filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, are hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the Defendants.

7. Members of the Class and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including known claims and Unknown claims (as defined in the Stipulation), arising out of, based upon or related in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement), including: (i) the allegations made in the Action by the Class Members or any of them against any of the Released Parties; or (ii) the allegations that could have been made in any forum by the Class Members or any of them against any of the Released Parties which arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions, involved, set forth, or referred to in the Complaints, or that involve events that occurred during the Class Period, and which relate to the purchase or acquisition of Tripath securities during the Class Period (the "Settled Claims") against any and all of the Defendants, their past or present subsidiaries, parents, successors and predecessors, officers, directors, agents, employees, controlling shareholders, attorneys, advisors, investment advisors, auditors, accountants, assigns, spouses, any member of an Individual Defendant's immediate family, or any trust which is for the benefit of any Individual Defendant and/or member(s) of his immediate family and the legal representatives, heirs or successors in interest of the Defendants, and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants (the "Released Parties"). The Settled Claims are hereby compromised, settled, released, discharged and

1  dismissed as against the Released Parties on the merits and with prejudice by virtue of the
2  proceedings herein and this Order and Final Judgment.

3        8.    The Defendants and the successors and assigns of any of them, are hereby
4  permanently barred and enjoined from instituting, commencing or prosecuting any and all claims,
5  rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or
6  common law or any other law, rule or regulation, including both known claims and Unknown
7  Claims, that have been or could have been asserted in the Action or any forum by the Defendants or
8  any of them or the successors and assigns of any of them against the Lead Plaintiff or any of the
9  Class Members, or their attorneys, which arise out of or relate in any way to the institution,
10 prosecution, or settlement of the Action (except for claims to enforce the Settlement) (the "Settled
11 Defendants' Claims").  The Settled Defendants' Claims of all the Released Parties are hereby
12 compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue
13 of the proceedings herein and this Order and Final Judgment.  In so doing, the parties acknowledge
14 that Defendants expressly reserve and are not releasing any claims against any Class Members, or
15 their attorneys, which arise out of or relate to actions other than the Action, including but not limited
16 to *Langley Partners, L.P. v. Tripath Technology Inc. et al.*, Case No. C-05-4194 SC (N.D. Cal.) or to
17 *Lyon v. Adya Tripathi et al.*, Case No. 104CV031905 (Santa Clara Superior Court).

18       9.    Neither this Order and Final Judgment, the Stipulation, nor any of its terms and
19 provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or
20 statements referred to therein shall be:

21       (a)    offered or received against the Defendants as evidence of or construed as or
22 deemed to be evidence of any presumption, concession, or admission by any of the Defendants with
23 respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has
24 been or could have been asserted in the Action or in any litigation, or the deficiency of any defense
25 that has been or could have been asserted in the Action or in any litigation, or of any liability,
26 negligence, fault, or wrongdoing of the Defendants;

27
28

[PROPOSED] ORDER AND FINAL JUDGMENT
CASE NO.: C 04 4681 SBA
DOCS\354737v2

-4-

(b) offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

(c) offered or received against the Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection granted them hereunder;

(d) construed against the Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable under the Complaints would not have exceeded the Gross Settlement Fund.

10. The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

11. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12. Plaintiffs' Counsel are hereby awarded 25% of the Settlement Shares, in the amount of 612,500 shares, as and for their attorneys' fees, which sum the Court finds to be fair and reasonable. The Settlement Shares awarded as attorneys' fees shall be not be issued and delivered to Plaintiffs' Counsel prior to the time when the Settlement Shares are issued to the Class Members pursuant to the instructions of Lead Counsel and in accordance with the terms of the Stipulation. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the

opinion of Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

13. Plaintiffs' Counsel are also hereby awarded $19,128.08 in reimbursement of expenses, which expenses shall be paid to Lead Counsel from the Cash Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns.

14. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a) The settlement made 2,450,000 Settlement Shares available, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Plaintiffs' Counsel; and in addition the Settlement has provided a $200,000 cash component which will pay for the costs of notice and administration as well as litigation expenses;

(b) Over 9,200 copies of the Notice were disseminated to putative Class Members indicating that Plaintiffs' Counsel were moving for attorneys' fees in the amount of up to 25% of the Gross Settlement Fund and for reimbursement of expenses in an amount of approximately $20,000 and no objections were filed or raised against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Plaintiffs' Counsel contained in the Notice;

(c) The Settlement was achieved by Plaintiffs' Counsel with skill, perseverance and diligent advocacy;

(d) The action involves complex factual and legal issues and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e) Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiff and the Class may have recovered less or nothing from the Defendants;

(f) Plaintiffs' Counsel have devoted over 720 hours to achieving the Settlement; and

1           (g)    The amount of attorneys' fees awarded and expenses reimbursed from the
2 Settlement Fund are consistent with awards in similar cases.

3      15.    Exclusive jurisdiction is hereby retained over the parties and the Class Members for
4 all matters relating to this Action, including the administration, interpretation, effectuation or
5 enforcement of the Stipulation and this Order and Final Judgment, and including any application for
6 fees and expenses incurred in connection with administering and distributing the settlement proceeds
7 to the members of the Class.

8      16.    Without further order of the Court, the parties may agree to reasonable extensions of
9 time to carry out any of the provisions of the Stipulation.

10      17.    There is no just reason for delay in the entry of this Order and Final Judgment and
11 immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal
12 Rules of Civil Procedure.

13      IT IS FURTHER ORDERED THAT pursuant to this Order, the Motions at Docket Nos. 73
14 and 74 in Case No. C 04-4681 SBA are GRANTED.  The Clerk is directed to CLOSE the files in
15 Case Nos. C 04-4681 SBA, C 04-4936 SBA, C 04-4969 SBA, and C 04-4976 and to terminate any
16 pending matters.

17      IT IS SO ORDERED.

18 DATED:  4/18/06                               /s/ Saundra B. Armstrong
19                                        The Honorable Saundra B. Armstrong
                                       United States District Judge

20 Submitted By:
April 18, 2006
21 MILBERG WEISS BERSHAD
  & SCHULMAN LLP
22

23    */s/ Jeff S. Westerman*
       JEFF S. WESTERMAN
24 355 S. Grand Avenue, Suite 4170
Los Angeles, CA  90071
25 Telephone:  (213) 617-1200
Facsimile:   (213) 617-1975
26 Approved as to Form:
27 April 18, 2006                            April 18, 2006
28 HOWARD RICE NEMEROVSKI      FENWICK & WEST LLP

1   CANADY FALK & RABKIN
    A Professional Corporation
2

3   _____*/s/ Sarah A. Good*_____          _____*/s/ Rachael G. Samberg*_____
           SARAH A. GOOD                            RACHAEL G. SAMBERG
4   Three Embarcadero Center, 7th Floor      Embarcadero Center West
    San Francisco, CA 94111-4065             275 Battery Street
5   Telephone: (415) 434-1600                San Francisco, CA 94111
    Facsimile: (415) 217-5910                Telephone: (415) 875-2300
6                                            Facsimile: (415) 281-1350

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PROPOSED] ORDER AND FINAL JUDGMENT
CASE NO.: C 04 4681 SBA
DOCS\354737v2

-9-